UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LARRY MARSHAK, | : |
| Plaintiff, | : Civ. No. 95-3794(DRD) |
| v. | : |
| | : **O P I N I O N** |
| FAYE TREADWELL, TREADWELL'S DRIFTERS, INC. and THE DRIFTERS, INC., | : |
| Defendants. | : |

By orders dated September 7, 2007, a supplementary order dated September 25, 2007, and an order dated February 13, 2008 the court held Plaintiff, Larry Marshak and others, including Respondent Lowell Davis, in contempt for violating a prior order of this court and entered injunctive provisions against them. Appeals from these orders were filed. Davis's appeal "from each and every part of said Orders, as well as from the wholes (sic) thereof" was received in the court's Clerk's office on March 19, 2008.

Davis requested the court for humanitarian reasons to modify the injunctive provision in this action to permit him to represent an allegedly indigent Odessa Hobbs and the Estate of Elsbeary Hobbs in the pending action of <u>Thomas v. Drifters, Inc.</u>, 25939/92 (N.Y. Sup. Ct. Queens). Over the objection of counsel for Faye Treadwell and Treadwell's Drifters, Inc., the court found that such representation would not constitute a violation of the injunctive provisions or a modification of any of the terms thereof and on May 20, 2008:

> ORDERED that notwithstanding the injunctive provisions now in effect in this action, Lowell B. Davis, Esq., may represent Odessa Hobbs and the Estate of Elsbeary Hobbs in the foregoing action without being deemed in violation of the outstanding injunctive provisions;

    FURTHER ORDERED that nothing herein shall be deemed to amend the injunction now in effect.

    Petitioners Faye Treadwell and Treadwell's Drifters, Inc. (collectively, "Treadwell") timely filed a motion for reconsideration of the May 20, 2008 order. The ground for the motion is that in view of the fact that the action is on appeal before the Court of Appeals, this court lacked jurisdiction to enter that order.

    L. Civ. R. 7.1(i) provides that a motion for reconsideration shall be accompanied by "[a] brief setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." In its brief Treadwell noted that the New York case in which Davis seeks to become involved is not a "pending action." Rather that case has been closed for many years and Ms. Hobbs and the Elsbeary Hobbs Drifters seek to reopen it. In its brief Treadwell further noted that Davis's earlier representation of Ms. Hobbs with respect to The Elsbeary Hobbs Drifters was found by this court to be an integral part of the violative conduct of Larry Marshak and others.

    Thus, even though this court in its May 10, 2008 order stated that the representation that Davis sought to undertake "would not constitute a violation of the injunctive provisions or a modification of any of the terms thereof," that conclusion is inextricably entangled with matters with which the Court of Appeals will have to deal.

    In these circumstances this court did not have jurisdiction to enter the May 10, 2008 order. See <u>In re Fargo Financial, Inc.</u>, 71 B.R. 702 (N.D. Ga. 1987) ("[U]pon the filing of a notice of appeal, a trial court loses the power to reexamine the appealed order.") In <u>Barber v. Hallmark Cards, Inc.</u>, 1994 U.S. Dist. LEXIS 19127, *2(D. Kan. Nov. 18, 1994), the court stated:

> . . . It [is] generally understood that a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously. The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.

Davis's attempts to distinguish the <u>Fargo</u> and <u>Barber</u> cases are unavailing. Because the Court of Appeals must consider this court's findings relating to Davis's relationship with Odessa Hobbs and The Elsbeary Hobbs Drifters, this court did not have jurisdiction to impinge on that subject in its May 10, 2008, order. Consequently Treadwell's motion for reconsideration must be granted and the May 10, 2008 order vacated. The court will file an appropriate order.

July 21, 2008
           <u>/s/ Dickinson R. Debevoise</u>
           DICKINSON R. DEBEVOISE
           U.S.S.D.J.