# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

LARRY MARSHAK,

                Plaintiff,

v.

FAYE TREADWELL, ET AL.,

                Defendants.

Civ. No. 95-3794 (DRD)

**O P I N I O N**

*Appearances by:*

GEORGE W. WRIGHT & ASSOCIATES, LLC
by:  George W. Wright, Esq.
505 Main Street
Hackensack, NJ 07601

    *Attorneys for Plaintiff Larry Marshak*

LOWELL B. DAVIS, Esq.
One Old Country Road
Carle Place, NY 11514

    *Pro Se Plaintiff*

THE SALVO LAW FIRM, PC
by:  Cindy D. Salvo, Esq.
101 Eisenhower Parkway, Suite 300
Roseland, NJ 07068

    *Attorneys for Defendants*

**DEBEVOISE, Senior District Judge**

On September 7, 2007, this Court held a group of individuals and entities associated with Plaintiff Larry Marshak – along with Mr. Marshak himself (collectively "Contempt Respondents") – in contempt for violating an injunction prohibiting them from marketing "The Drifters," a legendary singing group that first rose to prominence in the 1950s. As part of that ruling, the Court awarded reasonable attorneys' fees and costs accrued in connection with the contempt proceeding to Defendants Faye Treadwell, Treadwell's Drifters, Inc., and The Drifters, Inc. (collectively "Defendants"). Mr. Marshak and the others who were held in contempt moved for reconsideration of that ruling, which the Court denied on February 13, 2008. They then sought review from the Court of Appeals for the Third Circuit, which affirmed this Court's ruling and remanded for an accounting of the profit derived by those individuals and entities from their wrongful actions in marketing "The Drifters," along with the award of attorneys' fees and costs accrued in connection with the contempt proceeding.[1]

Following remand, this Court on August 19, 2009 entered an Order releasing $92,023.34 in funds deposited by the Contempt Respondents to counsel for the Defendants as payment for attorneys' fees and costs accrued in connection with the contempt proceeding prior to October 1, 2007.[2] Defendants now move for attorneys' fees and costs accrued from that date until April 30, 2008. The Contempt Respondents oppose that Motion on the grounds that (1) the Court's grant of attorneys' fees applied only to the Motion for Contempt and the requested fees include

---

[1] This Court held the following individuals and entities in contempt: Larry Marshak, Andrea Marshak, Paula Marshak, Charles Mehlich, Dave Revels, Lowell B. Davis, Barry Singer, Singer Management Consultants, Inc. ("Singer Management"), DCPM, Inc. ("DCPM"), and Cal-Cap, Ltd. ("Cal-Cap"). On July 2, 2009, the Court of Appeals reversed this Court's contempt holding with respect to Mr. Revels, but affirmed with respect to the other individuals and entities. For the sake of simplicity, the Court will refer throughout this Opinion to the individuals held in contempt as the "Contempt Respondents."

[2] The Contempt Respondents did not oppose Defendants' motion for the release of those funds.

unrelated work done after that Motion was granted, and (2) the Motion for Fees is untimely. In the alternative, the Contempt Respondents contend that the attorneys' fees claimed by Defendants' counsel are excessive.

For the reasons set forth below, Defendants' Motion for Attorneys' Fees and Costs expended from October 1, 2007 to April 30, 2008 will be denied. The pending Motion does not request reimbursement for the attorneys' fees and costs accrued in obtaining the September 7, 2007 ruling holding the Respondents in contempt; those expenses were recompensed through the Court's August 19, 2009 Order releasing the funds previously deposited by the Contempt Respondents. The current Motion for Attorneys' Fees and Costs is based on the successful efforts of Defendants' counsel in opposing a Motion for Reconsideration of the ruling holding the Respondents in contempt. The Court denied the Motion for Reconsideration on February 13, 2008, but Defendants did not file the fee petition on which the pending Motion for Attorneys' Fees is based until March 17th of that year – a delay of 33 days. This district requires that such petitions be submitted within 30 days. United Auto Workers Local 259 v. Metro Auto Ctr., 501 F.3d 283, 286 (3d Cir. 2007) (holding that Local Civil Rule 54.2 is a standing order of this Court and extends the time within which a request for attorneys' fees must be filed from 14 to 30 days). Thus, the petition was untimely, and the Defendants may not recover attorneys' fees and costs for their efforts in opposing the Motion for Reconsideration.

## I. BACKGROUND

The facts of this case center on a long-running and vitriolic dispute between Defendant Faye Treadwell, widow of the late music executive George Treadwell, and Plaintiff Larry Marshak, a promoter of various doo-wop groups, over the rights to use the trademark of "The Drifters." Mr. Marshak, who obtained the federal trademark to "The Drifters" in 1978, sued Ms.

Treadwell for infringing on that mark in the late 1990s.  Ms. Treadwell counterclaimed to invalidate the trademark, claiming that it had been obtained by fraud and was infringing on her senior common-law rights.  In 1999, this Court granted judgment as a matter of law in favor of Ms. Treadwell and enjoined Mr. Marshak and his company, RCI Management, Inc. ("RCI"), from marketing "The Drifters" anywhere in the United States.  See Marshak v. Treadwell, 58 F.Supp.2d 551 (D.N.J.1999).  Mr. Marshak sought review of that decision from the Court of Appeals for the Third Circuit, which affirmed.  See Marshak v. Treadwell, 240 F.3d 184 (3d Cir. 2001).

**A.  Contempt Proceeding**

The Court's 1999 injunction should have driven Mr. Marshak out of the business of promoting "The Drifters."  In an effort to frustrate that judgment, however, Mr. Marshak and the other Contempt Respondents undertook an elaborate series of reorganizations aimed at obscuring his activities and avoiding the injunction.  In essence, the Contempt Respondents created several different companies and continued to market "The Drifters" through those entities with the help of members of his family and various other individuals.[3]  In order to put a halt to those activities, Ms. Treadwell requested that this Court hold the Respondents in contempt.  On September 7, 2007, the Court did so, holding that the injunction was enforceable against parties other than Mr. Marshak and RCI – specifically, the companies and individuals connected to Mr. Marshak that had continued to market "The Drifters" after the 1999 injunction was issued – pursuant to Federal Rule of Civil Procedure 65(d). On September 25, 2007, the Court entered a Supplementary Order awarding Defendants attorneys fees and costs for their efforts in obtaining

---

[3] The convoluted history of those efforts was set forth in detail in the July 2, 2009 ruling by the Court of Appeals.  See Marshak v. Treadwell, --- F.3d ----, 2009 WL 1886153 (3d Cir. 2009). For the sake of brevity, the Court incorporates that decision and will not restate the majority of the facts set forth therein.

a judgment of contempt against the Respondents. The Contempt Respondents moved for reconsideration of those Orders, which the Court denied on February 13, 2008. Following that decision, he timely sought review from the Court of Appeals.

In a ruling issued on July 2, 2009, the Court of Appeals affirmed this Court's holding that the individuals and entities that had continued to market "The Drifters" after the 1999 injunction was issued could be held in contempt pursuant to Federal Rule of Civil Procedure 65(d). In doing so, the Court of Appeals noted that even if those individuals and entities were not employees or agents of Mr. Marshak or RCI, they were "guilty of aiding or abetting or acting in concert with a named defendant or his privy in violating the injunction," and thus could properly "be held in contempt." Id. at *5 (quoting Savarese v. Agriss, 883 F.2d 1194, 1209 (3d Cir.1989)).[4]

With respect to the remedy for that contempt, however, the Court of Appeals reversed this Court's ruling limiting Defendants' recovery to reasonable attorneys' fees and holding that they were not entitled to a full accounting of the profits derived by the Contempt Respondents from their activities in continuing to market "The Drifters" after the issuance of the 1999 injunction. In doing so, the Court of Appeals acknowledged that Defendants had failed to prove that they suffered damages due to the continued infringement, but ruled that an accounting was necessary to deter the Contempt Respondents from future violations of the injunction. Id. at *12-13. Moreover, the Court of Appeals held that Ms. Treadwell's actions in waiting five years, despite the fact that she knew that the Contempt Respondents were continuing to infringe on her

---

[4] The Court of Appeals reversed this Court's contempt finding with respect to only one individual, Dave Revels. That reversal was not premised on a finding that Mr. Revels had not violated the injunction. To the contrary, the Court of Appeals found that Mr. Revels had acted in concert with Mr. Marshak to violate this Court's Order. It reversed the finding of contempt, however, because Mr. Revels was not included in Ms. Marshak's original Motion for Contempt, and thus did not have a sufficient opportunity to oppose that request. See Id. at *9-10.

5

trademark, after that Court's affirmance of the injunction before filing a Motion for Contempt did not result in sufficient prejudice to the Contempt Respondents to alleviate the need for an accounting and damages award. Id. at *13-14. Based on those holdings, the Court of Appeals (1) affirmed this Court's finding of contempt against the Contempt Respondents contained in the September 7, 2007 Order, (2) affirmed the award of attorneys' fees and costs contained in the September 25, 2007 Supplementary Order, and (3) remanded for an accounting of all profits derived from the violation of that injunction by Mr. Marshak and his associates after this Court's issuance of the injunction was affirmed on February 9, 2001. Id. at *14.

As discussed above, this Court implemented the mandate of the Court of Appeals on August 19, 2009 by awarding $92,023.34 in attorneys' fees and costs.[5] That amount reflects the expenditures made in connection with obtaining the September 7, 2007 Order holding the Respondents in contempt and the September 25, 2007 Supplementary Order awarding fees for that effort. Thus, the Court's previous fee award, which was affirmed by the Court of Appeals, has been satisfied.

**B.  Reconsideration Proceeding – October 1, 2007 through April 30, 2008**

The pending Motion for Attorneys' Fees and Costs relates to later efforts by the Defendants to defeat a Motion for Reconsideration of the Court's September 7 and 25, 2007 Orders. Those efforts culminated in success on February 13, 2008, when the Court issued an Opinion and Order denying the Respondents' request for reconsideration and reiterating the fee award – first issued in the September 25, 2007 Supplementary Order – for work performed by Defendants' counsel in obtaining the judgment of contempt.

---

[5] The Court originally granted attorneys' fees of $90,255.00 and costs of $1,343.34, for a total of $91,568.34. The final award of $92,023.34 issued on August 19, 2009 included an additional $455 in filing fees accrued while opposing the Contempt Respondents' appeal of the September 7, 2007 contempt ruling and September 25, 2007 fee award.

Importantly, the Court's February 13, 2008 Order did not contain an award of attorneys' fees or costs for the work performed by Defendants' counsel after October 1, 2007 in opposing the Motion for Reconsideration.  Defendants filed a petition for those fees and costs on March 17, 2008.  Five days before they did so, however, the Contempt Respondents appealed this Court's ruling denying their Motion for Reconsideration of the September 7 and 25, 2007 Orders.  Because that appeal would directly affect the Defendants' eligibility for an award of attorneys' fees and costs related to the Motion for Reconsideration (such fees could not have been awarded if the Order denying that Motion had been reversed by the Court of Appeals), this Court on April 7, 2008 stayed the Defendants' March 17, 2008 fee petition pending the resolution of the appeal.

On September 10, 2009, after the action was remanded by the Court of Appeals, the Defendants renewed their petition for expenses accrued in connection with the reconsideration proceedings by means of the pending Motion for Attorneys' Fees and Costs.  See (Defs.' Reply Br. Supp. Mot. Attorneys' Fees 3-4) (noting that the pending Motion applies only to work completed after October 1, 2007 in connection with the Contempt Respondent's Motion for Reconsideration and characterizing that Motion as an extension of the March 17, 2008 petition.)  The September 10, 2009 Motion requests the same relief as the earlier petition and articulates the same bases for that request.  The only difference between the two is that the pending Motion extends the time period for which reimbursement is sought to include work performed after the March 17, 2008 Motion was submitted.  In light of those similarities, the pending Motion is best viewed as a continuation of the March 17, 2008 petition.  Therefore, it will be construed as having been filed on March 17, 2008 in determining its timeliness.

## II.  DISCUSSION

As a preliminary matter, the Court must address the question of whether the pending Motion was timely filed.  Under Federal Rule of Civil Procedure 54(d)(2)(B), a motion for attorneys' fees and costs must be filed "no more than 14 days after the entry of judgment" unless "a statute or court order provides otherwise."  This district has a standing order, in the form of Local Civil Rule 54.2, that extends the deadline for the filing of such petitions from 14 to 30 days.  Metro Auto Ctr., 501 F.3d at 286.

Despite the fact that the Court denied the Contempt Respondents' Motion for Reconsideration on February 13, 2008, Defendants did not file the fee petition on which the pending Motion for Attorneys' Fees and Costs is based until 33 days later, on March 17th of that year.  Nor did Defendants request an extension of time to file that petition.  See Mints v. Educ. Testing Serv., 99 F.3d 1253, 1260 (3d Cir. 1996) (stating that a district court may grant such extensions in order to render a fee petition timely).  The failure by Defendants' counsel to timely file or request an extension is especially egregious when viewed in light of the facts that (1) such a petition would almost certainly have been granted given the dilatory tactics used by the Contempt Respondents throughout the proceedings, and (2) Defendants' attorneys were obviously aware of the time limits contained in Rule 54(d)(2)(B) and Local Civil Rule 54.2, and had complied with those requirements when filing their earlier request for reimbursement of expenses related to the contempt proceeding.  Accordingly, Defendants' pending Motion for Attorneys' Fees and Costs must be denied as untimely.

Today's ruling is based purely on Defendants' failure to comply with the procedural requirements applicable to fee petitions, and should not be construed as pardoning the actions of the Contempt Respondents for their deceptive and disingenuous actions throughout the history of

this litigation.  Those actions, which the Court previously characterized as "an elaborate shell game" specifically designed to frustrate its earlier rulings, are made no less egregious by the failure of Defendants' counsel to comply with the deadline for filing the fee petition.  In order to deter continued violations, the Court on August 19, 2009 entered an Order awarding Defendants' $92,023.34 in attorneys' fees and costs – an amount three times greater than the expenses sought by the pending Motion.  Additionally, the Court of Appeals held in its July 2, 2009 Opinion that the Contempt Respondents must submit an accounting of the profits derived after February 9, 2001 from their continued promotion of "The Drifters" in violation of the injunction prohibiting such activity.  In order to expedite that process and bring this long-running litigation to a close, the Court will enter an Order requiring the Contempt Respondents to complete such an accounting and render payment for all profits derived from their violations of the injunction within 90 days of this ruling.

### III.  CONCLUSION

For the reasons set forth above, the Defendants' Motion for Attorneys' Fees and Costs accrued from October 1, 2007 to April 30, 2008 is denied.  In accordance with the July 2, 2009 decision by the Court of Appeals, the Contempt Respondents shall complete an accounting of all profits derived from their actions after February 1, 2009 in promoting "The Drifters" in violation of the Court's injunction prohibiting them from doing so and shall submit payment for a corresponding sum to the Defendants within 90 days of this ruling.

The Court will enter an Order implementing this Opinion.

                                              **s/ Dickinson R. Debevoise**
                                              DICKINSON R. DEBEVOISE, U.S.S.D.J.

Dated: February 4, 2010