**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

LARRY MARSHAK,

                  Plaintiff,

v.

FAYE TREADWELL, ET AL.,

                  Defendants.

Civ. No. 95-3794 (DRD)

**O P I N I O N**

*Appearances by:*

GEORGE W. WRIGHT & ASSOCIATES, LLC
by:  George W. Wright, Esq.
505 Main Street
Hackensack, NJ 07601

      *Attorneys for Plaintiff Larry Marshak*

LOWELL B. DAVIS, Esq.
One Old Country Road
Carle Place, NY 11514

      *Pro Se Plaintiff*

THE SALVO LAW FIRM, PC
by:  Cindy D. Salvo, Esq.
101 Eisenhower Parkway, Suite 300
Roseland, NJ 07068

      *Attorneys for Defendants*

**DEBEVOISE, Senior District Judge**

This matter comes before the Court on a motion submitted by Defendants Faye Treadwell, Treadwell's Drifters, Inc., and The Drifters, Inc. (collectively "Defendants") for reconsideration pursuant to Federal Rule of Civil Procedure 60(b) of the Court's February 4, 2010 Order and Opinion denying their earlier Motion for Attorneys' Fees and Costs. Because that ruling was premised on an erroneous finding that the Motion for Attorneys' Fees was untimely, the pending Motion for Reconsideration will be granted. The fees and costs claimed by Defendants' counsel appear reasonable both in terms of hours expended and the rate charged. Therefore, Defendants' Motion for Attorneys' Fees will be granted, but the claimed fees and costs will be reduced as set forth below.

## I. BACKGROUND

The facts underlying this dispute were set forth in the Court's February 4, 2010 Opinion. See Marshak v. Treadwell, 2010 WL 455406 (D.N.J. 2010). For the sake of brevity, the Court incorporates the "background" section of that ruling, and will refrain from repeating most of the information contained therein.

On September 7, 2007, this Court held a group of individuals and entities associated with Plaintiff Larry Marshak – along with Mr. Marshak himself (collectively "Contempt Respondents") – in contempt for violating an injunction prohibiting them from marketing "The Drifters," a legendary singing group that first rose to prominence in the 1950s.[1] On September

---

[1] The Court held the following individuals and entities in contempt: Larry Marshak, Andrea Marshak, Paula Marshak, Charles Mehlich, Dave Revels, Lowell B. Davis, Barry Singer, Singer Management Consultants, Inc. ("Singer Management"), DCPM, Inc. ("DCPM"), and Cal-Cap, Ltd. ("Cal-Cap"). On July 2, 2009, the Court of Appeals reversed this Court's contempt holding with respect to Mr. Revels, but affirmed with respect to the other individuals and entities. For the sake of simplicity, the Court will refer throughout this Opinion to the individuals held in contempt as the "Contempt Respondents."

25, 2007, the Court entered a Supplementary Order awarding Defendants attorneys' fees and costs accrued in obtaining a judgment of contempt against the Respondents. Mr. Marshak and the others who were held in contempt moved for reconsideration of that ruling, which the Court denied on February 13, 2008.

On March 17, 2008, Defendants moved for attorneys' fees and costs accrued after October 1, 2007 in connection with opposing the Respondents' Motion for Reconsideration of the Court's September 7 and 25, 2007 Orders. Five days before they did so, however, the Contempt Respondents appealed this Court's ruling denying that Motion. Because that appeal would directly affect the Defendants' eligibility for an award of attorneys' fees and costs related to the Motion for Reconsideration (such fees could not have been awarded if the Order denying that Motion had been reversed by the Court of Appeals), this Court on April 7, 2008 stayed the Defendants' fee petition pending the resolution of the appeal.

On July 2, 2009, the Court of Appeals affirmed this Court's ruling holding the Respondents in contempt. It remanded the action for an accounting of the profit derived by those individuals and entities for their wrongful actions in marketing "The Drifters," along with the award of attorneys' fees and costs accrued in connection with the contempt proceeding.

Following remand, this Court on August 19, 2009 entered an Order releasing $92,023.34 in funds deposited by the Contempt Respondents to counsel for the Defendants.[2] That amount reflects expenditures made prior to October 1, 2007 in connection with obtaining the September 7, 2007 Order holding the Respondents in contempt and the September 25, 2007 Supplementary

---

[2] The Court originally granted attorneys' fees of $90,255.00 and costs of $1,343.34, for a total of $91,568.34. The final award of $92,023.34 issued on August 19, 2009 included an additional $455 in filing fees accrued while opposing the Contempt Respondents' appeal of the September 7, 2007 contempt ruling and September 25, 2007 fee award. The Contempt Respondents did not oppose Defendants' motion for the release of those funds.

Order awarding fees for that effort.  Thus, the fees award ordered by the Court on September 25, 2007, which was affirmed by the Court of Appeals, has been satisfied.

On September 10, 2009, Defendants renewed their March 17, 2008 request for attorneys' fees and costs accrued in connection with the Contempt Respondents' Motion for Reconsideration of the Court's September 7 and 25, 2007 Orders.  The Contempt Respondents opposed that Motion on the grounds that (1) the Court's September 25, 2007 grant of attorneys' fees applied only to the Motion for Contempt and the requested fees included unrelated work done after that Motion was granted, and (2) the Motion for Fees was untimely.  In the alternative, the Contempt Respondents contended that the attorneys' fees claimed by Defendants' counsel were excessive.

On February 4, 2010, the Court denied Defendants' Motion for Attorneys' Fees and Costs accrued between October 1, 2007 and April 30, 2008.  The Court's decision was premised wholly on its ruling that Defendants' fee petition was untimely because it was filed on March 17, 2008, a date more than 30 days after the February 13, 2008 denial of the Respondents' Motion for Reconsideration of the Court's September 7 and 25, 2007 Orders.

## II. DISCUSSION

Defendants move for reconsideration of the Court's February 4, 2010 ruling that their fee petition was barred as untimely.  In doing so, they acknowledge that the March 17, 2008 petition was filed more than 30 days after the Court's February 13, 2008 decision denying the Respondents' earlier Motion for Reconsideration, but contend that it is the date on which that decision was entered on the civil docket maintained by the Clerk of the Court – February 19, 2008 – which controls for the purposes of determining the timeliness of their petition.  The Contempt Respondents submitted no opposition to the pending Motion for Reconsideration.

As discussed below, Defendants are correct in their contention that the date of entry of the Court's earlier decision, rather than the date on which that decision was issued, controls for the purposes of determining the timeliness of their fee petition.  Therefore, the Court will grant the pending Motion for Reconsideration.  It will then consider the merits of Defendants' fee petition in light of the objections to that petition which were previously raised by the Contempt Respondents.

## A.  Motion for Reconsideration

"[I]t is well-established in this district that a motion for reconsideration is an extremely limited procedural vehicle."  Resorts Int'l v. Greate Bay Hotel & Casino, 830 F. Supp. 826, 831 (D.N.J. 1992).  As such, a party seeking reconsideration must satisfy a high burden, and must "rely on one of three major grounds: (1) an intervening change in controlling law; (2) the availability of new evidence not available previously; or (3) the need to correct clear error of law or prevent manifest injustice."  North River Ins. Co. v. CIGNA Reins. Co., 52 F.3d 1194, 1218 (3d Cir. 1995).

Since the evidence relied upon in seeking reconsideration must be "newly discovered," a motion for reconsideration may not be premised on legal theories that could have been adjudicated or evidence which was available but not presented prior to the earlier ruling.  See Id. Local Civil Rule 7.1(i), which governs such motions, provides that they shall be confined to "matter[s] or controlling decisions which the party believes the Judge or Magistrate Judge has 'overlooked.'"  The word "overlooked" is the dominant term, meaning that except in cases where there is a need to correct a clear error or manifest injustice, "[o]nly dispositive factual matters and controlling decisions of law which were presented to the court but not considered on the original motion may be the subject of a motion for reconsideration."  Resorts Int'l, 830 F. Supp.

at 831; see also Egloff v. N.J. Air Nat'l Guard, 684 F. Supp. 1275, 1279 (D.N.J. 1988); Florham Park Chevron, Inc. v. Chevron U.S.A., Inc., 680 F. Supp. 159 (D.N.J. 1988); Pelham v. United States, 661 F. Supp. 1063, 1065 (D.N.J. 1987).

Under that standard, Defendants' Motion for Reconsideration must be granted. As discussed in the Court's February 4, 2010 Opinion, Federal Rule of Civil Procedure 54(d)(2)(B) requires that motions for attorneys' fees and costs be filed "no more than 14 days after the entry of judgment" unless "a statute or court order provides otherwise." This district has a standing order, in the form of Local Civil Rule 54.2, that extends the deadline for the filing of such petitions from 14 to 30 days. See United Auto Workers Local 259 v. Metro Auto Ctr., 501 F.3d 283, 286 (3d Cir. 2007). Thus, Defendants were required to file their Motion for Attorneys Fees and Costs within 30 days from the "entry of judgment" denying the Contempt Respondents' Motion for Reconsideration.

A judgment is deemed "entered" when it is recorded on the civil docket maintained by the Clerk of the Court. Fed. R. Civ. P. 58(c)(1). "Thus, although an order may be signed by the district court, received by the clerk, and entered in the docket on different days, the entry date controls" for the purposes of determining the timeliness of a fee petition based on that judgment. United States v. Fiorelli, 337 F.3d 282, 287 (3d Cir. 2003).

In its February 4, 2010 Order and Opinion ruling that the Defendants' Motion for Attorneys' Fees and Costs must be denied as untimely, the Court overlooked the fact that the Order on which that Motion was based – its February 13, 2008 denial of the Contempt Respondents' Motion for Reconsideration – was not entered on the docket maintained by the clerk's office until February 19, 2008, six days after it was issued. See Marshak, 2010 WL 455406 at *4 ("Despite the fact that the Court denied the Contempt Respondents' Motion for

Reconsideration on February 13, 2008, Defendants did not file the fee petition on which the pending Motion for Attorneys' Fees and Costs is based until 33 days later, on March 17th of that year.").  In light of that delay, Defendants' Motion was timely filed.  Therefore, the pending Motion for Reconsideration will be granted and the Court will consider the merits of Defendants' fee petition.

**B.  Fee Petition – Substantive Merits**

The Contempt Respondents oppose Defendants' request for attorneys' fees and costs on two main grounds.  First, they argue that the request should be denied entirely because it is untimely and is based on work – the Defendants' opposition to their Motion for Reconsideration of the judgments finding them in contempt – for which there is no independent entitlement to fees and costs other than the $92,023.34 that has already been paid.  In the alternative, Respondents argue that the Court should refuse to award the full amount requested by Defendants because the amount of time expended and billing rate charged by Defendants' counsel were excessive, and certain tasks for which reimbursement is requested were unnecessary.

As a preliminary matter, the Court rejects the Contempt Respondents' arguments that Defendants' are not entitled to any measure of attorneys' fees or costs for work completed from October 1, 2007 to April 30, 2008.  As discussed above, Defendants on March 17, 2008 timely filed their petition for attorneys' fees and costs accrued in opposing the Respondents' Motion for Reconsideration of the Court's September 7 and 25, 2007 Orders.  The Court stayed that petition pending the outcome of Respondents' appeal.  Following the ruling by the Court of Appeals affirming this Court's judgment and remanding the action, the Defendants on September 10, 2009 renewed their fee petition.  Accordingly, as stated in the February 4, 2010 Opinion, "the

pending Motion is best viewed as a continuation of the March 17, 2008 petition." Id. at *4. Therefore, the Respondents' argument that the pending Motion for Attorneys' Fees and Costs is time-barred will be rejected.

The Respondents' second contention in support of their argument that the pending Motion should be denied entirely – that the Defendants are not entitled to attorneys' fees and costs for work done after the September 7 and 25, 2007 contempt rulings because the Court's award of attorneys' fees in those rulings related only to the contempt proceeding and not subsequent portions of the litigation – is similarly meritless. That assertion ignores the fact that the work completed by Defendants' counsel prior to April 30, 2008 was inexplicably linked to the contempt proceeding. The work completed by Defendants' counsel during that time period involved the preparation of opposition to the Contempt Respondents' Motion for Reconsideration of the Court's September 7 and 25, 2007 rulings and the drafting of a fee petition that was timely filed after the Motion for Reconsideration was denied. To deny reimbursement of expenses accrued in connection with the Motion for Reconsideration would frustrate the rulings by this Court and the Court of Appeals that the Defendants must be remunerated for the fees and costs they had to expend in order to obtain a judgment holding the Respondents in contempt by requiring them to bear the burden of defending that ruling. Similarly, the denial of attorneys' fees and costs related to the preparation of a fee petition would rob the September 7, 2007 ruling by this Court and subsequent decision by the Court of Appeals of practical effect by requiring the Defendants to expend further resources in order to enforce those judgments. Therefore, the Court finds that its earlier award of attorneys' fees and costs – which was affirmed by the Court of Appeals in its July 2, 2009 ruling – entitles Defendants to reimbursement of litigation expenses accrued from October 1, 2007 to April 30, 2008.

The Respondents' remaining arguments do not contend that Defendants' Motion for Attorneys' Fees and Costs should be denied entirely, but rather take issue with the amount of fees and costs claimed.  In doing so, they allege that several of the tasks for which Defendants seek reimbursement were either unnecessary or dealt with issues unrelated to the contempt proceedings.  The Court must assess those arguments in light of the "lodestar" analysis applicable to fee petitions.

## A.  Lodestar Analysis

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).  "The product of this calculation is called the lodestar," Apple Corps. v. Int'l Collectors Soc'y, 25 F. Supp.2d 480, 484 (D.N.J. 1998), and it "provides an objective basis on which to make an initial estimate of the value of a lawyer's services." Hensley, 461 U.S. at 433.  "The lodestar is strongly presumed to yield a reasonable fee." Washington v. Philadelphia County Ct. Com. Pl., 89 F.3d 1031, 1035 (3d Cir. 1996).

The party seeking an award of attorneys' fees bears the burden of establishing the reasonableness of both the hours worked and rates claimed.  Hensley, 461 U.S. at 433; Apple Corps., 25 F. Supp. 2d at 484.  Once the applicant has produced satisfactory evidence, the burden shifts to "the party opposing the fee to contest the reasonableness of the hourly rate requested or the reasonableness of the hours expended." Apple Corps., 25 F. Supp. 2d at 485.  "If the party opposing the fee petition meets its burden of proving that an adjustment is necessary, the court has wide discretion to adjust the attorneys' fee." Id.

A district court has broad discretion in determining the amount of an award of reasonable attorneys' fees.  In making that determination, the "results obtained" are an "important factor."

Hensley, 461 U.S. at 434.  In cases where the attorneys for the prevailing party have "obtained

excellent results," they should "recover a fully compensatory fee," which normally encompasses

"all hours reasonably expended on the litigation."  Id. at 435.  If, however, the prevailing party

"has achieved only partial or limited success," the court may reduce the fee award accordingly.

Id. at 435-36.  Once the lodestar has been computed, the "court can adjust the lodestar downward

if the lodestar is not reasonable in light of the results obtained."  Rode v. Dellarciprete, 892 F.2d

1177, 1183 (3d Cir. 1990).  A court may not, however, "decrease a fee award based on factors

not raised at all by the adverse party."  Id.

      The first step in calculating the lodestar is determining whether the number of hours

expended was reasonable.  Any "hours that were not reasonably expended" must be excluded

from the fee calculation.  Hensley, 461 U.S. at 434.  "Hours are not reasonably expended if they

are excessive, redundant, or otherwise unnecessary."  Rode, 892 F.2d at 1183.  After the Court

determines whether the hours expended were reasonable, it must assess the hourly rate charged

for that work.  A "reasonable hourly rate is calculated according to the prevailing market rates in

the community."  Washington, 89 F.3d at 1035.  "The starting point in determining a reasonable

hourly rate is the attorneys' usual billing rate, but this is not dispositive."  Public Interest

Research Group v. Windall, 51 F.3d 1179, 1185 (3d Cir. 1995).

      The Contempt Respondents do not challenge the reasonableness of the hourly rate

claimed by Defendants' counsel.  Therefore, the Court need only consider whether the number of

hours expended was reasonable.  See Rode, 892 F.2d at 1183 (A court may not "decrease a fee

award based on factors not raised at all by the adverse party.").

      The Contempt Respondents challenge the reasonableness of the hours expended by

Defendants' counsel on several grounds.  First, they contend that the requested fees – which total

$28,026.06 – are excessive on their face.  That claim is premised on a comparison between the considerable amount of work completed by Defendants' counsel prior to October 1, 2007 in connection with the contempt proceedings and the relatively small number of filings submitted after that date in opposing the Respondents Motion for Reconsideration.  Additionally, the Contempt Respondents argue that the Court should reduce the amount of fees awarded to Defendants' counsel for work completed in preparing opposition to their Motion for Reconsideration of the September 7 and 25, 2007 Orders because Defendants did not prevail on all of their arguments in opposition to that Motion.  Finally, the Contempt Respondents claim that six of the specific tasks for which Defendants' counsel requests reimbursement were unnecessary or unrelated to the contempt proceedings:  (1) preparation of a brief opposing a request by the Respondents' former attorneys to withdraw as counsel, (2) the submission of two earlier fee requests that they assert are duplicative of the pending Motion, (3) conducting settlement negotiations on the subject of attorneys fees and costs that might have alleviated the need for the pending Motion, (4) review of Mr. Marshak's earlier bankruptcy proceedings, (5) investigation of performances by "The Drifters" that were cancelled following the Court's ruling holding the Respondents in contempt, and (6) researching a separate litigation relating to another group, "The Platters."

Respondents' first argument – that the fees claimed by Defendants' counsel are excessive on their face – is meritless.  The Contempt Respondents note that Defendants submitted 107 documents, including 18 motions, in connection with the contempt proceedings that led up to the Court's September 7 and 25, 2007 rulings, but only nine filings and two motions in connection with the reconsideration proceedings that led to the Court's February 13, 2008 judgment.  They then claim that, since the Court awarded $92,023.34 – an amount that reflected approximately 24

hours per motion and included time spent on hearings and other similar proceedings that were not repeated in connection with the Motion for Reconsideration – the fees awarded to Defendants for work completed in opposing that Motion should be reduced to $12,000 ($6,000 per motion at a rate of $250 per hour and assuming 24 hours spent on each motion).  That argument ignores the fact that opposing the Contempt Respondents' Motion for Reconsideration required Defendants' counsel to revisit the earlier proceedings – a task which, given the lengthy history of the litigation and the sophisticated machinations engaged in by the Respondents in an effort to avoid the force of the Court's previous judgments, would have been considerable in itself.  Moreover, the Respondents' argument fallaciously assumes that the work performed by Defendants' counsel in connection with the Motion for Reconsideration was redundant or unnecessary to the extent that it was not carried out with exactly the same amount of efficiency as work performed earlier in the proceedings.  Such an assumption ignores the difference between the filings and proceedings relating to the September 7 and 25, 2007 judgments of contempt – which by the Respondents own count included 53 exhibits that presumably took little to no preparation on the part of Defendants' counsel – and those relating to the Respondents' request for reconsideration of those rulings – which included only three exhibits, thus meaning that the relative amount of original material prepared in the latter proceeding was much greater.  In light of those differences, the Court rejects the Contempt Respondents' assertion that the fees claimed by Defendants must be reduced to an amount directly proportionate to (their characterization of) the work completed in connection with the contempt proceeding.

The Contempt Respondents' second argument – that the Court should reduce the amount of fees awarded to Defendants in connection with their opposition to the Motion for Reconsideration of the September 7 and 25, 2007 Orders because that opposition was not

completely successful – is similarly unavailing.  That contention rests on the fact that, in its February 13, 2008 ruling, the Court vacated a portion of its September 25, 2007 Order requiring that the Contempt Respondents provide an accounting of the profit derived from their wrongful actions in marketing "The Drifters" after they had been enjoined from doing so.  On appeal, the Court of Appeals reinstated that requirement.  Thus, Defendants ultimately prevailed on the point, and are entitled to fees for their work in arguing that such an accounting was necessary.  See Hensley, 461 U.S. at 435 (In cases where the attorneys for the prevailing party have "obtained excellent results," they should "recover a fully compensatory fee.").

    Of the five specific tasks that the Contempt Respondents argue should not be reimbursed, only two were unnecessary to obtaining the February 13, 2008 ruling denying the Respondents' Motion for Reconsideration:  (1) the preparation of opposition to a request submitted by the Respondents' former attorneys to withdraw as counsel and (2) researching a separate litigation involving a separate group, "The Platters."  Defendants did not prevail in their opposition to the Motion to Withdraw submitted by Respondents' former counsel, and the Court entered an Order on April 17, 2008 permitting withdrawal.  In connection with the pending Motion, however, Defendants argue that they should be reimbursed for expenses incurred in opposing the Motion to Withdraw because they reasonably believed that the Contempt Respondents would refuse to cooperate in future proceedings if they were not represented by counsel.  While, given the fact that the Respondents had already violated orders of this Court and been held in contempt, that view may have been reasonable, it does not alter the fact that the Defendants were unsuccessful in their attempts to prohibit the Respondents' counsel from withdrawing.  Nor does it alter the fact that the question of which, if any, attorneys represented the Respondents was unrelated to the one underlying the contempt proceedings and Motion for Reconsideration – namely, whether

13

the Respondents had violated the Court's earlier injunction.  Therefore, the Court will exercise

its discretion to reduce the fees awarded to Defendants by $7,695.00, the amount accrued in

connection with opposing the Motion to Withdraw as Counsel.

Similarly, Defendants are not entitled to reimbursement for work completed by their

attorney in researching a separate litigation involving another musical group, "The Platters."

Although Mr. Marshak was a defendant in that case, it was not related to the contempt

proceedings or the subject matter of this litigation.  Moreover, the work completed by

Defendants' counsel in connection with that litigation was only a small part of a much larger

time entry.  Defendants admitted in their filings relating to the pending Motion that the

remainder of that entry involved tasks related to opposing the Motion to Withdraw as Counsel

submitted by the Respondents' former attorneys.  In fact, the Contempt Respondents included

the full amount of that entry – $1,596.00 – in their calculation of the fees accrued by Defendants'

counsel in opposing the Motion to Withdraw.  Therefore, the Court's ruling above that the fees

awarded to Defendants should be reduced by the $7,695.00 spent opposing that Motion includes

the time spent researching "The Platters," and no further reduction is necessary.

The Contempt Respondents' remaining arguments – in which they contend that

Defendants should not be reimbursed for four other specific tasks – must be rejected, as the time

spent on each of those tasks was reasonable and necessary to asserting the pending Motion for

Attorneys' Fees and Costs.  The first, submission of two earlier fee petitions that were stayed

pending the outcome of the Contempt Respondents' appeal, was necessary to comply with the

filing deadlines for fee petitions contained in Federal Rule of Civil Procedure 54(d)(2)(B) and

Local Civil Rule 54.2.  Had the Defendants not filed their first Motion for Attorneys' Fees and

Costs on March 17, 2008, the pending Motion would be untimely.

Defendants on May 7, 2008 submitted a second fee petition in which they extended the period for which they sought reimbursement.  As with the first petition, the Court stayed that request pending the outcome of the Respondents' appeal.  Following remand, Defendants withdrew the petition in favor of the pending Motion, which was submitted on September 10, 2009 as a renewal of the earlier requests.  The Contempt Respondents argue that since the request was withdrawn, it should be viewed as duplicative.  That argument ignores the fact that the pending Motion, as an extension of the earlier fee petitions, utilized the work completed by Defendants' counsel in preparing those requests.  Therefore, the Court rejects the Contempt Respondents' argument that the fees awarded to Defendants should be reduced by the amount accrued in preparation of the March 17 and May 7, 2008 petitions.

Similarly meritless is the Contempt Respondents' claim that Defendants should not be reimbursed for time spent by their counsel conducting settlement negotiations.  Those settlement negotiations were directly related to the contempt ruling.  If successful, they would have alleviated the need for the Respondents' appeal of the Court's September 7 and 25, 2007 and February 13, 2008 Orders holding the Respondents in contempt.  It was eminently reasonable of Defendants' counsel to conduct such negotiations, especially in view of the long-running nature of this litigation and the earlier intransigence of the Contempt Respondents.  In light of those factors, the settlement negotiations were neither unnecessary or duplicative, but rather a reasonable effort to bring the contempt proceedings to a final resolution.  Therefore, the Court will exercise its discretion to award such fees.

The Contempt Respondents' assertion that Defendants should not be reimbursed for attorneys' fees accrued in connection with their counsel's review of Mr. Marshak's earlier bankruptcy proceeding must also be rejected.  Those proceedings related directly to this litigation

15

insofar as Mr. Marshak purportedly requested as part of his bankruptcy proceeding that he be allowed to purchase the rights to "The Drifters" – the very intellectual property rights at the heart of this litigation.  Moreover, it appears that Defendants' counsel spent a total of only .6 hours reviewing the bankruptcy proceeding.  Therefore, the Court finds that the fees accrued in connection with that review were reasonable and related to the contempt proceedings, and must be reimbursed.

Finally, the Contempt Respondents argue that Defendants should not be awarded fees accrued by their counsel in investigating performances by "The Drifters" that were scheduled to occur after the Court's September 7 and 25, 2007 Orders, but were cancelled pursuant to those rulings.  That argument ignores the reason the Respondents were found in contempt in the first place:  they repeatedly violated the Court's earlier ruling enjoining them from marketing "The Drifters."  In light of that behavior, there was no reason for Defendants' counsel to believe that the Court's September 7 and 25, 2007 Orders would deter the Respondents from their wrongful behavior, and it was only prudent to verify that they were not continuing to act in contempt.  Accordingly, the Court will award fees accrued in researching whether the Respondents continued to market "The Drifters" after they were held in contempt.

## III.  CONCLUSION

For the reasons set forth above, Defendants' Motion for Reconsideration of the Court's February 4, 2010 Order and Opinion is granted.  Defendants' Motion for Attorneys' Fees and Costs is GRANTED.  Defendants are awarded $20,331.06.  That amount reflects their original request minus reductions of $7,695.00 for work performed in connection with their opposition to the Motion to Withdraw as Counsel submitted by the Respondents' former attorneys and an unrelated litigation, respectively, rather than the Respondents' Motion for Reconsideration of the Court's September 7 and 25, 2007 Orders.

The Court will enter an Order implementing this Opinion.


_s/ Dickinson R. Debevoise_____
DICKINSON R. DEBEVOISE, U.S.S.D.J.


Dated:  April 16, 2010

17